Paul W. Sweeney (SBN 112511)
paul.sweeney@klgates.com
**K&L GATES LLP**
**10100 Santa Monica Blvd**
**Seventh Floor**
**Los Angeles, CA 90067**
**Telephone:  (310) 552-5000**
**Facsimile:  (310) 552-5001**

R. Bruce Allensworth (Pro Hac Vice)
Irene C. Freidel (Pro Hac Vice)
Brian M. Forbes (Pro Hac Vice)
Stacey L. Gorman (Pro Hac Vice)
**K&L GATES LLP**
**State Street Financial Center**
**One Lincoln Street**
**Boston, Massachusetts  02111-2950**
**Telephone:  (617) 261-3100**
**Facsimile:  (617) 261-3175**

Attorneys for Defendant Litton Loan Servicing LP

[Other Attorneys Of Record Listed Below]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN and GLADYS SCHAFFER, JOHN and ELAINE DURAND, and ALBERT J. and MARY BETH SAULNIER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LITTON LOAN SERVICING, LP, and DOES 1-100, Inclusive,<br><br>Defendants. | Case No. CV 05-7673 MMM(JCx)<br><br>**JUDGMENT; ORDER OF DISMISSAL AS TO THE CLAIMS OF ALLAN AND GLADYS SCHAFFER, JOHN AND ELAINE DURAND, AND THE SETTLEMENT CLASS MEMBERS; ORDER OF DISMISSAL AS TO THE CLAIMS OF ALBERT J. AND MARY BETH SAULNIER** |

C:\Documents and Settings\sparkerw\My Documents\Litton - Schaffer\Proposed Judgments\Proposed Judgment (Class).DOC
RECYCLED PAPER

1

# JUDGMENT AND ORDER OF DISMISSAL

## A. Claims of Allan and Gladys Schaffer, John and Elaine Durand, and the Settlement Class Members

This action came on before the Court, the Honorable Margaret M. Morrow, United States District Judge, presiding, and in accordance with the provisions of the Court's Order Granting Plaintiffs' Motion for Final Approval of Settlement of Class Litigation and Granting Class Counsel's Application for Attorneys' Fees dated November 13, 2012 (Dkt. No. 526) ("Final Approval Order") and the Class Action Settlement Agreement and Release agreed to by the Parties (Dkt. No. 439-3) ("Settlement Agreement"):

It is hereby **ORDERED and ADJUDGED:**

(1). That the terms used in this Judgment adopt the definitions set forth in and the meanings assigned to them in the Settlement Agreement.

(2). That the following class has been certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All persons (i) who presently own, or during the Class Period owned, property (including mobile homes) in the United States, (ii) who entered into a mortgage loan transaction which was then transferred or sold to Litton or for which the servicing rights were acquired by Litton Loan Servicing, LP or its predecessors, directly or indirectly, at any time . . . [during the Class Period], and (iii) who made timely payment to the transferor servicer and were charged late fees related to that payment within the first sixty (60) days of the loan transfer to Litton.

Excluded from the class are any and all officers, directors, and legal representatives of Litton Loan Servicing LP ("Litton") or any entity in which Litton has a controlling interest, and any judicial officer handling this matter. The class, moreover, is limited to claims for statutory damages under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605.

(3).   That, pursuant to the Settlement Agreement, notice of the pendency of the action and the settlement was sent to all individuals who, during the Class Period, were assessed a late fee within the first sixty days after the effective date of transfer of their loan to Litton ("Notice Recipients").

(4).   That the Settlement Class Members consist of all Notice Recipients except those individuals who have validly and timely excluded themselves from the settlement by timely submitting a written request for exclusion.

(5).   That the claims of the Settlement Class Members against Defendants Litton and DOES 1-100, inclusive, are, per the terms of the Settlement Agreement, hereby **DISMISSED WITH PREJUDICE**.

(6).   That the claims of the Named Plaintiffs Allan and Gladys Schaffer (the "Schaffers") against Defendants Litton and DOES 1-100, inclusive, including all individual and class claims asserted by the Schaffers, are, per the terms of the Settlement Agreement, hereby **DISMISSED WITH PREJUDICE**.

(7).   That the claims of the Named Plaintiffs John and Elaine Durand (the "Durands") against Defendants Litton and DOES 1-100, inclusive, including all individual and class claims asserted by the Durands, are, per the terms of the Settlement Agreement, hereby **DISMISSED WITH PREJUDICE**.

(8).   That the Settlement Class Members, the Schaffers, the Durands, and Litton shall bear his, her, their or its own costs and expenses, including attorneys' fees, except as otherwise provided for in the Settlement Agreement.

(9).   That there is no just reason for delay and Judgment shall enter dismissing with prejudice all claims of the Settlement Class Members, the Schaffers, and the Durands against Defendants Litton and DOES 1-100, inclusive, and such Judgment shall be final.

C:\Documents and Settings\sparkerw\My Documents\Litton - Schaffer\Proposed Judgments\Proposed Judgment (Class).DOC       2
RECYCLED PAPER

(10). That the consummation of the settlement shall proceed as described in the Settlement Agreement, and, without affecting the finality of this Judgment and Order of Dismissal, the Court hereby reserves jurisdiction over the subject matter and as to each party to the Settlement Agreement with respect to the supervision, interpretation, and implementation of the Settlement Agreement for all purposes, including enforcement of any of the terms thereof at the instance of any party and resolution of any disputes that may arise relating in any way to, or arising from, the interpretation or implementation of the Settlement Agreement or the interpretation or implementation of the Court's Final Approval Order.

### B.     Claims of Albert J. and Mary Beth Saulnier

Upon consideration of Defendant Litton Loan Servicing LP's ("Litton's") Motion to Enforce the Settlement Agreement between it and Named Plaintiffs Albert J. and Mary Beth Saulnier (the "Saulniers"), including an evidentiary hearing held on June 8, 2011, the Court has determined that there is an enforceable settlement agreement between Litton and the Saulniers as to the Saulniers' claims in the above-captioned action and it has entered its Order Granting Defendant's Motion to Enforce Settlement Agreement (Dkt. No. 525).

Accordingly, for the reasons set forth in the Court's Order Granting Defendant's Motion to Enforce Settlement Agreement:

It is hereby **ORDERED and ADJUDGED:**

(1). That Litton Loan Servicing shall pay the sum of $5,000.00 to the Saulniers in full satisfaction of their claims in this action against Defendants Litton Loan Servicing LP and DOES 1-100, inclusive, and that those claims, including individual and class claims, shall be **DISMISSED IN THEIR ENTIRETY AND WITH PREJUDICE**, each party to bear his, her or its own costs and expenses, including attorneys' fees.

C:\Documents and Settings\sparkerw\My Documents\Litton - Schaffer\Proposed Judgments\Proposed Judgment (Class).DOC
RECYCLED PAPER

3

1      (2). That there is no just reason for delay and that Judgment shall enter
2  dismissing with prejudice all claims of the Saulniers against Defendants Litton Loan
3  Servicing LP and DOES 1-100, inclusive, and that such Judgment shall be final.

Dated: November 21, 2012

_____
Margaret M. Morrow
United States District Judge